UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KEVIN MCBRIDE AND ANNE BLAKE, ) <br> ) <br> PLAINTIFFS ) <br> ) <br> v. ) <br> ) <br> THE CITY OF WESTBROOK, ) <br> MELISSA MAY, TIMOTHY MORRELL ) <br> AND THOMAS ROTH, ) <br> ) <br> DEFENDANTS ) | CIVIL NO. 2:13-CV-272-DBH |

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56**

A Local Rule 56 pre-filing conference was held on June 10, 2014.

The plaintiffs' First Amended Complaint asserts two constitutional claims against all the defendants—a procedural due process claim under the Fourteenth Amendment for the illegal eviction from an apartment by issuing a "no trespass" notice and a First Amendment claim for violation of their rights to freely associate and assemble after serving the plaintiffs "no trespass" notices banning them from visiting the apartment building.[1] The parties agreed at the conference that the plaintiff Blake does not have a procedural due process claim, which leaves the plaintiff McBride's procedural due process claim and both plaintiffs' First Amendment claims. The defendants will move for summary

---

[1] Counts I and III of the First Amended Complaint (ECF No. 9) both allege procedural due process violations based on the same underlying conduct and are asserted against all defendants. The only apparent distinction in these claims is that Count I alleges an unlawful "pattern and practice" in the deprivation—the standard for municipal liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978).

judgment on those claims and the officer defendants will raise qualified immunity as a defense. With respect to the due process claim, the defendants will argue that there was no deprivation of due process when the plaintiff McBride was issued the "no trespass" notice both because he had no property interest and because he had post-deprivation remedies available.

The following deadlines and page limits were established by agreement:

> By July 7, 2014, the defendants will propose stipulated facts to the plaintiffs.
>
> By July 14, 2014, the plaintiffs will notify the defendants of the facts that they will stipulate for the summary judgment motion.
>
> By August 1, 2014, the defendants will file their motion for summary judgment with necessary supporting materials
>
> By August 22, 2014, the plaintiffs will respond to the motion for summary judgment with necessary supporting materials.
>
> By September 5, 2014, the defendants will file their reply.

**SO ORDERED.**

**DATED THIS 16TH DAY OF JUNE, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**