# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| KEVIN McBRIDE,<br><br>     PLAINTIFF<br><br>v.<br><br>CITY OF WESTBROOK,<br><br>     DEFENDANT | )<br>)<br>)<br>)<br>)  CIVIL No. 2:13-cv-272-DBH<br>)<br>)<br>)<br>) |

## DECISION AND ORDER ON DEFENDANT CITY OF WESTBROOK'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF McBRIDE'S CLAIMS

After oral argument on February 9, 2015, and after considering the parties' supplemental briefs, I **DENY** the City of Westbrook's motion for summary judgment against the plaintiff McBride. (I previously granted the City's motion as to the plaintiff Blake, and the individual defendant law enforcement officers' motion as to both plaintiffs. See Dec. & Order on Defs.' Mot. for Summ. J. dated Nov. 19, 2014 (ECF No. 47).) This is a case that cries out for factual determinations before I make further legal rulings.

First, McBride's status as a tenant-at-will is in dispute. It appears that if he does not have that status, he will not be able to proceed further against the City, and that is the end of the case. If he does have that status and the landlords did not bring an Forcible Entry & Detainer ("FED") proceeding against him and obtain and serve a Writ of Possession, see 14 M.R.S.A. §§ 6001-05, his presence in the apartment may not have been criminal trespass under 14 M.R.S.A. § 402 and the notice that the police served upon him may have been a nullity.

Second, the Westbrook Police Department's role requires factual determination. I am left uncertain to what extent the officers merely served the notice (probably not alone enough for section 1983 liability) and to what extent they affirmatively removed McBride (calling him to the apartment from his work site, giving him 30 minutes to remove his belongings, telling him "you are being evicted," and requesting his keys).[1]

Third, on this record I cannot determine the scope of the Westbrook Police Department's policy or custom. I have already decided that there is a factual issue here, Decision and Order on Defendants' Motion for Summary Judgment at 9, in the sense that the summary judgment record provides enough evidence for a factfinder to conclude that Westbrook had a custom or practice of serving the criminal trespass notices upon a landlord's request (City pre-printed forms, and police officers' testimony[2]). But whether the custom or policy is to serve the

---

[1] The City of Westbrook appears to object to my considering record deposition testimony in denying the motion (particularly, reference to City officers taking McBride's keys) on the basis that the plaintiff does not cite this evidence in the statements of material or additional facts. Def.'s Pre-Hearing Supplemental Mem. of Law in Supp. of Mot. for Summ. J. at 3, n.1 (ECF No. 53). However, the First Circuit has approved such a practice, finding it "consistent with the language in the District of Maine Local Rule 56(f)." Packgen v. BP Exploration, Inc., 754 F.3d 61, 70 (1st Cir. 2014) (quoting District of Maine Local Rule 56(f), "which provides that the court '*may* disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.'" (emphasis in original)).

[2] The Notice served on McBride is captioned "WESTBROOK POLICE CRIMINAL TRESPASS NOTICE" and has a police "case #." Stipulations Ex. 5 (ECF No. 31). These are City of Westbrook Police Department notices, comprised of a printed form with blanks that the officers fill in as needed. Dep. of Thomas Roth at 15 (ECF No. 34); Stipulations Ex. 5. Westbrook's criminal trespass notices state that the Westbrook police are acting as the "agent or representative" of the landlords. Stipulations Ex. 5. At deposition, Westbrook Police Captain Roth testified that it was the custom of the Westbrook Police Department to "follow the criminal trespass statute . . . if a person has a place under their control and they request somebody removed or be kept from that location, then we follow that." Dep. of Thomas Roth at 9-10. He testified that he had served "hundreds and hundreds" of criminal trespass notices "for a variety of reasons and circumstances." Dep. of Thomas Roth at 9. It is undisputed that "Captain Roth often helps landlords in situations similar to the one in this case." Pls.' Statement of Additional Material Facts ¶ 38; Defs.' Response to Pls.' Statement of Additional Facts ¶ 38. Officer May's testimony likewise evidences a custom of deference to the landlord in issuance of no trespass notices. For

notices only on named persons or "occupants" who are listed in a Writ of Possession (at oral argument the City's lawyer argued that at most a negligent error occurred here in serving McBride[3]), or whether the custom or policy is to take the landlord's word for who is a tenant in serving the notices, remains an open question.[4]

Fourth, the parties have furnished me precious little information about the use of criminal trespass notices elsewhere for private residential disputes under Maine's statute, how and why Westbrook's pre-printed form was drafted as it was, how other municipalities use such notices in connection with private residential real estate, etc. That seems to me to be important contextual information for an injunctive or declaratory relief decision likely to have broad ramifications, however it comes out.

At this stage, therefore, I decline to determine whether any process is due. (The plaintiff urges that due process requires that for residential real property the City issue criminal trespass notices only when presented with a Writ of

instance, Officer May testified at deposition that "[i]f the owner of the property requests a criminal trespass notice to be served, then it will be served." Dep. of Melissa May at 6 (ECF No. 36). Upon being asked, "How do you determine who owns the property," May replied, "I mean, if it's a landlord, then the landlord owns the property." Id. at 7. When asked, "How do you determine if the landlord owns the property that they say they own," May responded, "I go on their word." Id.

[3] I remain uncertain whether this case can properly be assessed under the holding in Daniels v. Williams, 474 U.S. 327 (1986), that negligent takings are not actionable under section 1983; here the police officers intentionally sought McBride's removal; if there was negligence—and I do not yet know that—it was in treating McBride as lacking any tenant's rights in the apartment. That seems different from Daniels where there was no evidence of intent to injure the plaintiff and the conduct was a jail employee's allegedly leaving a pillow on the jail stairs, which caused the plaintiff inmate to fall and injure himself. Here, a factfinder could find that the Westbrook police intended to remove McBride from the apartment.

[4] If the Westbrook Police Department's policy is to serve the notices only on persons named in a successful FED lawsuit and if what occurred here was simply a mistake, I am perplexed why the parties are still in conflict over declaratory judgment and injunctive relief, since the plaintiff's lawyer at oral argument seemed to say that was the very relief requested.

Possession naming the person to be served or naming "occupants." The City urges that Maine provides an adequate post-deprivation remedy by allowing an improperly evicted tenant to sue the landlord under 14 M.R.S.A. § 6014. In turn, the plaintiff argues that he has no remedy there. Neither party has cited me any Maine cases applying that statute in analogous circumstances. In any event, these arguments seem to implicate cases like <u>Fuentes v. Shevin</u>, 407 U.S. 67 (1972), cited by McBride,[5] and <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422 (1982), which neither party cites, as to when pre-deprivation hearings are required.[6])

As for Westbrook's argument that I should grant it summary judgment on McBride's associational rights claim to have Blake visit him in his apartment, I **DENY** the motion because I do not understand that to be McBride's claim. Instead, he is claiming that his property interests under Maine law include the right to have visitors and that it is part of the property interests taken from him without due process of law. Pls.' Opp'n to Defs.' Mot. for Summ. J. at 14 (ECF No. 39). Therefore, that issue remains open as well.

**SO ORDERED.**

**DATED THIS 17TH DAY OF FEBRUARY, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[5] Pls.' Opp'n to Defs.' Mot. for Summ. J. at 6 (ECF No. 39); Pls.' Supplemental Mem. at 10 (ECF No. 52).

[6] I observe that Maine statutes provide pre-deprivation procedural protections for occupants who are tenants under Maine Law. <u>See</u> 14 M.R.S.A. §§ 6001 <u>et seq</u>.